UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW VALLES,<br><br>                    Plaintiff,<br><br>        -against-<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR"), DIVISION OF ADULT PAROLE OPERATIONS ("DAPO"), NEW YORK STATE OFFICE OF PAROLE ("NYSPO"), INTERSTATE COMMISSION FOR ADULT OFFENDER SUPERVISION ("ICAOS"), ATTORNEY GENERAL OF THE UNITED STATES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, ATTORNEY GENERAL OF THE STATE OF UTAH, PAROLE AGENT MARK EBUEN (CDCR-DAPO), PAROLE OFFICER _. HAYDEN (NYSPO), DEPUTY ATTORNEY GENERAL GARRETT GORLITSKY, JUDGE AMBER METTLER, and ASSISTANT U.S. ATTORNEY SARAH MORTIZAVI,<br><br>                    Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED:  10/8/2025<br><br><br>25-cv-8050 (MKV)<br><br>ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING DEADLINES |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Andrew Valles, proceeding *pro se*, initiated this case by filing a complaint against thirteen defendants, including California and New York agencies and federal and state officers [ECF No. 1 (the "Complaint")]. Shortly thereafter, Plaintiff filed an *ex parte* motion for a temporary restraining order and preliminary injunction [ECF Nos. 5, 6 ("Mem.")]. He argues that his constitutional rights are being violated because he is subject to "sex offender parole conditions," even though, he asserts, "his current conviction . . . is exclusively for financial

1

crimes," among other purported violations. Mem. at 1. Plaintiff has also filed a motion for "this Court to refer" three individual defendants "to the U.S. Department of Justice for investigation and prosecution" [ECF No. 4]. From the Court's review of the docket, it appears that Plaintiff has not served any of the defendants with the Complaint or his motion for emergency relief.

The Court declines to issue an *ex parte* temporary restraining order in this case. To obtain a temporary restraining order, the movant must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of a temporary restraining order; (3) that the balance of equities tips in the movant's favor; and (4) that the public interest would not be disserved by the issuance of the requested temporary restraining order. *See Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015); *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) ("the standard for an entry of a TRO is the same as for a preliminary injunction"). "When the government is a party to the suit, [the] inquiries into the public interest and the balance of the equities merge." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 295 (2d Cir. 2021). Moreover, there are "stringent" restrictions on *ex parte* relief. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 438–39 (1974); *see Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964); *Suber v. VVP Servs.*, No. 20-cv-8177 (AJN), 2021 WL 1101235, at *19 (S.D.N.Y. Mar. 23, 2021) (denying a request for a temporary restraining order in light of "the 'extremely high' bar" for issuing "immediate, *ex parte* relief without giving Defendants notice and opportunity to respond") (citation omitted); *Commey v. Adams*, No. 22-cv-0018 (RA), 2022 WL 62155, at *2 (S.D.N.Y. Jan. 6, 2022).

Plaintiff has not made any showing that *ex parte* relief is warranted. *See Granny Goose Foods, Inc.*, 415 U.S. at 438–39. Importantly, Plaintiff is not seeking to "preserv[e] the status quo" until the Court has an opportunity "to hold a hearing" and pass on the merits. *Id.* at 430. Rather,

he is asking a judge who is unfamiliar with the details of his criminal history to intervene and alter the conditions of his parole, among other relief, based on his own *ipse dixit.*

Indeed, while Plaintiff contends that he should not be subject to "sex offender parole conditions," his own papers cast doubt on that contention. Mem. at 1. Specifically, Plaintiff cites in his own Complaint to a habeas case that he previously filed in this District in connection with a prior conviction for failure to register as a sex offender. *See* Compl. at 7 (citing *Valles v. United States of America*, 20-cv-7835 (JPC-SDA)). The opinion denying habeas relief plainly states that Plaintiff has previously "pleaded guilty . . . to two counts of lewdness involving a child and two counts of attempted dealing in harmful material to a minor" [20-cv-7835, ECF No. 21 at 1]. The opinion goes on to explain that Plaintiff later pleaded guilty to "traveling in interstate commerce and knowingly failing to register under SORNA" as required by his earlier convictions [20-cv-7835, ECF No. 21 at 2–3].

The Court declines to issue "ill-considered" relief without giving Defendants notice and an opportunity to respond. *Granny Goose Foods, Inc.*, 415 U.S. at 438; *see Suber*, 2021 WL 1101235, at *19. As such, if Plaintiff wishes to pursue relief on an expedited basis, Plaintiff must serve Defendants with the summons, Complaint, and his motion for preliminary relief and must file proof of such service by **October 20, 2025**. Although the Court would ordinarily set a shorter deadline for service in this circumstance, the Court is mindful of its obligation to extend the *pro se* plaintiff special solicitude. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). If Plaintiff serves Defendants and files proof of service by October 20, 2025, Defendants shall file any opposition papers by October 27, 2025.

The Court will schedule a hearing on Plaintiff's motion for a temporary restraining order and preliminary injunction [ECF Nos. 5, 6] if the Court cannot properly "dispose of the motion on

the papers before it." *St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 108 (2d Cir. 2025).

Plaintiff's "MOTION TO REFER DEFENDANTS GARRETT GORLITZSKY, AMBER METTLER, AND SARAH MORTIZAVI FOR CRIMINAL INVESTIGATION" [ECF No. 4] is DENIED.  Prosecutorial decisions are the province of the Executive Branch.  *See United States v. Blaszczak*, 56 F.4th 230, 237 (2d Cir. 2022).

The Clerk of Court respectfully is requested to terminate the motion at docket entry 4 and to mail a copy of this Order to Plaintiff.

**SO ORDERED.**

Date:  October 8, 2025
       New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

4