**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Andrew Valles,**
**Plaintiff,**

**-against-**

**California Department of Corrections and Rehabilitation, et al.,**
**Defendants.**

**25-cv-08050 (AS) (SDA)**

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE ARUN SUBRAMANIAN, UNITED STATES DISTRICT JUDGE:**

## INTRODUCTION

*Pro se* plaintiff Andrew Valles ("Valles" or "Plaintiff") brings this action, pursuant to 42 U.S.C. § 1983 ("Section 1983"), against thirteen defendants, including California and New York agencies and federal and state officers alleging that his constitutional rights were violated in connection with the imposition of sex offender parole conditions. (*See* Compl., ECF No. 1, at 2.) Presently before the Court are four motions to dismiss the Complaint that were filed by the following defendants (hereinafter referred to as the "Moving Defendants"): the Interstate Commission for Adult Offender Supervision ("ICAOS") (ICAOS 1/12/26 Not. of Mot., ECF No. 41); the Attorney General of the United States ("USAG") and Assistant United States Attorney Sarah Mortazavi ("AUSA Mortazavi")[1] (together, the "Federal Defendants") (Fed. Defs.' 1/12/26 Not. of Mot., ECF No. 42); the Attorney General of the State of New York, Letitia James ("AG James") and the New York State Department of Correction and Community Supervision ("DOCCS") (sued as

[1] The Complaint (and hence the ECF docket) misspell AUSA Mortazavi's surname as "Mortizavi." (*See, e.g.*, Compl. at 1, 3.)

"New York State Office of Parole") (together, the "New York State Defendants") (NY Defs.' 1/12/26 Not. of Mot., ECF No. 46); and Defendants California Attorney General Bonta ("AG Bonta") and California Department of Corrections and Rehabilitation ("CDCR") Parole Agent Mark Ebuen ("CDCR Agent Ebuen") (together, the "California State Defendants").[2] (Calif. Defs.' 1/12/26 Not. of Mot., ECF No. 48.)

For the reasons set forth below, it is respectfully recommended that the Moving Defendants' motions to dismiss be GRANTED and that Plaintiff not be granted leave to amend.

## FACTUAL BACKGROUND[3]

In 2002 and 2003, Valles subjected two minors to inappropriate sexual behavior. *See Valles v. Hill*, No. 2:20-CV-00774 (DBB), 2023 WL 4599496, at *1 (D. Utah July 18, 2023). Valles was charged with three second degree felonies, including sex abuse of a child, and five misdemeanors, including two counts of attempted dealing of harmful material to a minor. *Id.* In October 2004, Valles pled guilty in Utah state court to two misdemeanor counts of lewdness involving a child and two misdemeanor counts of attempt to deal in harmful material to a minor. *Id.* Valles was sentenced to 365-day terms for each count, running consecutively, and was

---

[2] The remaining Defendants have not appeared in this action and the docket does not reflect that they have been validly served.

[3] This Factual Background section is based in part upon matters of public record, including public filings in criminal and civil proceedings in which Valle was a party. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)."); *see also Missere v. Gross*, 826 F. Supp. 2d 542, 553 (S.D.N.Y. 2011) (citing *Pani*). This section also is based upon the allegations contained in the Complaint. For purposes of the pending motions to dismiss, the Court accepts Plaintiff's factual allegations as true and draws all reasonable inferences in his favor. *See City of Providence v. Bats Glob. Mkts., Inc.*, 878 F.3d 36, 48 (2d Cir. 2017). However, the Court is permitted to reject those allegations that are contradicted by matters of public record. *See Fowlkes v. Rodriguez*, 584 F. Supp. 2d 561, 574-75 (E.D.N.Y. 2008).

required to comply with sex offender conditions. *Id.* Valles filed an appeal to the Utah Court of Appeals, but later moved to withdraw the appeal. *Id.*

In 2017, a 194-felony-count indictment was issued by a Grand Jury in the Superior Court of the State of California, County of San Diego ("San Diego County Superior Court"), against Valles and other individuals for committing grand theft and mortgage fraud in California from July 2013 to August 2016. (*See People v. Valles* Indictment, ECF No. 48-6, at PDF pp. 8-111.) Because Valles was living in New York when the California indictment issued, he was extradited from New York to California on May 17, 2018. (*See* Compl. at 9-10.)

On June 1, 2018, a criminal complaint was filed against Valles in the U.S. District Court for the Southern District of New York. (*See* SDNY Crim. Compl., 19-CR-00672 ECF No. 1.) The Assistant U.S. Attorney assigned to the criminal case was AUSA Mortazavi. (*See id.* at 1.) The criminal complaint charged Valles with traveling from Utah to New York, New York, and thereafter residing in New York, without registering in either location, as required by the Sex Offender Registration and Notification Act ("SORNA"). (*See id.*)

On May 15, 2019, Valles was sentenced to incarceration for 13 years following his convictions of 13 felonies under California Penal Code sections 115(a),[4] 487(a)[5] and 186.11(a)(2),[6] under a negotiated plea agreement in San Diego County Superior Court. (Calif. Judgment, Ex. D to Req. for Judicial Notice, ECF No. 48-6, at PDF pp. 2-7); *see also Valles v. Allison*, No. 21-CV-00819 (GPC) (WVG), 2021 WL 5077602, at *1 (S.D. Cal. Nov. 2, 2021), *report and recommendation*

[4] Procuring or offering false or forged instrument for record. *See* CA PENAL § 115(a).

[5] Grand theft. *See* CA PENAL § 487(a).

[6] Multiple felonies involving fraud or embezzlement; sentence enhancement. *See* CA PENAL § 186.11(a)(2).

*adopted*, 2021 WL 5579195 (S.D. Cal. Nov. 30, 2021). While Valles was serving his California sentence, on July 31, 2019, he was arrested on the Southern District of New York criminal complaint. (*See* 19-CR-00672 7/31/19 Min. Entry; *see also* Def.'s 12/12/19 Sentencing Submission, 19-CR-00672 ECF No. 14, at PDF pp. 2-3.) On September 13, 2019, Valles waived indictment and pled guilty in this Court to a single count of failing to register as a sex offender. (*See* Information, 19-CR-00672 ECF No. 9; 9/13/19 Tr., 19-CR-00672 ECF No. 11.) On December 20, 2019, Valles was sentenced to nine months' imprisonment, consecutive to his term of California state imprisonment, and five years of supervised release following the period of imprisonment for the federal sentence. (12/10/19 Tr., 19-CR-00672 ECF No. 17, at 17.) Mandatory conditions of supervised release included cooperation with DNA testing and compliance with SORNA. (Judgment, 19-CR-00671 ECF No. 16, at 3.) In addition to standard conditions of supervision, the Court imposed special conditions of supervision, including that Valles was required to undergo a sex-offense specific evaluation and sex offender and/or mental health treatment. (*Id.* at 4-5.)

On June 18, 2024, Valles was released from California imprisonment and began serving his federal sentence. (Compl. at 11.) On March 17, 2025, he was released from federal custody and is now on federal supervised release.[7] (*Id.*) In June 2025, the New York Board of Examiner of Sex Offenders notified Valles that he would not be required to register as a sex offender because of his Utah convictions. (*Id.*) Nonetheless, Valles further alleges that the CDCR Division of Adult

[7] Valles stated in his Complaint that his "federal probation" began in March 2025. (Compl. at 11.) However, the correct terminology is that Valles's supervised release period began in March 2025. "Congress largely abolished federal 'parole' and replaced it with the nearly identical system of federal 'supervised release' in 1984." *United States v. Quailes*, 126 F.4th 215, 223 n.10 (3d Cir. 2025) (citations omitted).

Parole Operations ("DAPO"), through DOCCS, continues to impose sex offender compliance requirements as terms and conditions of his parole.[8] (*Id.* at 13.)

**PROCEDURAL HISTORY OF PRIOR RELATED CASES AND THIS CASE**

On November 4, 2020, Valles filed a Complaint in this Court asserting claims against the United States, the State of California and the State of Utah challenging the constitutionality of the sex offender registry and the resulting restrictions that were placed upon him (the "2020 Complaint"). (*See* 2020 Compl., 20-CV-09242 ECF No. 1.)[9] District Judge Stanton screened the 2020 Complaint, as required by 28 U.S.C. § 1915, since Valles was a prisoner at the time and since he was proceeding at the time *in forma pauperis* ("IFP"). *See Valles*, 2021 WL 76428, at *1. Judge Stanton construed Valles's claims as alleging that state officials violated his federally protected rights as arising under Section 1983 and that employees of the federal government violated his constitutional rights as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). *Id*. at *2. Judge Stanton held that California and Utah were immune from suit under the Eleventh Amendment. *See id.* at *2. The Court also held that the doctrine of sovereign immunity barred the claims against the federal government. *See id.* at *3. Thus, Judge Stanton dismissed the IFP Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). *See id*. at *4.[10]

[8] In addition, Valles alleges that the CDCR DAPO was negligent in failing to inform the United States Probation Office that he had a duty to report to DOCCS for an office visit on September 8, 2025. (Compl. at 13.) This "nearly caused" Valles to violate the terms of his California parole. (*Id.*)

[9] *See also Valles v. United States*, No. 20-CV-09242 (LLS), 2021 WL 76428, at *1 (S.D.N.Y. Jan. 6, 2021).

[10] While a dismissal under 28 U.S.C. § 1915(e) could have a *res judicata* effect on frivolousness determinations for a future IFP complaint, it "does not prejudice the filing of a paid complaint making the same allegations." *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 206 (2d Cir. 2002) (quoting *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)). In the present action, Valles paid the filing fee for his Complaint, which alleges claims against, among others, the Attorney General of the United States, an Assistant United

On March 18, 2025, Valles filed an action in this Court against the Attorneys General of the United States, California, New York and Utah. *See Valles v. Att'y Gen. of United States*, No. 25-CV-02215 (AS), 2026 WL 380667, at *1 (S.D.N.Y. Feb. 11, 2026). In his Complaint, Valles challenged the constitutionality of SORNA, both facially and as applied to him. *Id.* District Judge Subramanian granted the motion by the USAG to dismiss the Complaint, finding that SORNA was constitutional. *Id.* at *3-4. In February 2026, Judge Subramanian *sua sponte* dismissed the claims against the Attorneys General of California and New York because SORNA is a federal mandate that is enforced by the federal government. *See Valles*, 2026 WL 380667, at *2.

On September 29, 2025, Valles filed the Complaint in this action. (*See* Compl.) Shortly thereafter, Valles filed an *ex parte* motion for a temporary restraining order ("TRO") and preliminary injunction, arguing that he improperly was subject to sex offender parole conditions based upon his California convictions even though his California convictions were exclusively for financial crimes. *See Valles v. California Dep't of Corr. & Rehab.*, No. 25-CV-08050 (MKV), 2025 WL 3219449 (S.D.N.Y. Oct. 8, 2025). District Judge Vyskocil denied the TRO and preliminary injunction, refusing to alter the conditions of Valles's parole. *See id.* at *1. Judge Vyskocil also declined to refer AUSA Mortazavi (among others) for criminal prosecution based upon her prosecution of Valles, holding that "[p]rosecutorial decisions are the province of the Executive Branch." *Id.* at *2 (citing *United States v. Blaszczak*, 56 F.4th 230, 237 (2d Cir. 2022)).

In February 2026, in the criminal case in this Court against Valles, District Judge Cronan issued a decision regarding a series of *pro se* motions made by Valles regarding the conditions of

---

States Attorney and the California Attorney General. Accordingly, the Court need not consider the *res judicata* effect, if any, of Judge Stanton's prior Order of Dismissal on the claims against these defendants.

his supervised release. *See United States v. Valles*, No. 19-CR-00672 (JPC), 2026 WL 271118 (S.D.N.Y. Feb. 3, 2026). The Court held: "For the avoidance of doubt, all conditions of [Valles's] supervised release remain in place, including the requirement to 'abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to polygraph testing . . ..'" *Id.* at *1 (quoting judgment of conviction).

On May 5, 2026, in this case, Valles filed a memorandum in opposition to all the pending motions to dismiss. (*See* Pl.'s 5/5/26 Mem. ECF No. 68-1.) On May 19, 2026, the Moving Defendants filed reply memoranda. (NY Defs.' 5/19/26 Reply, ECF No. 75; Calif. Defs.' 5/19/26 Reply, ECF No. 76; Fed. Defs.' 5/19/26 Reply, ECF No. 77.) On May 28, 2026, Valles filed an unauthorized supplemental opposition. (Pl.'s 5/28/26 Suppl. Opp., ECF Nos. 81 & 82.) On June 16, 2026, the pending motions to dismiss were referred to the undersigned for a report and recommendation. (6/16/26 Order of Ref., ECF No. 83.)

## LEGAL STANDARDS ON MOTION TO DISMISS

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In deciding a motion to dismiss, the Court "must accept as true all of the allegations contained in a complaint[,]" but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). "Determining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

Where, as here, a plaintiff is proceeding *pro se*, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Complaints filed by *pro se* litigants "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (cleaned up) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Nevertheless, a *pro se* plaintiff "must still plead enough facts to state a claim to relief that is plausible on its face." *Owens v. City of New York*, No. 14-CV-00966 (KBF), 2015 WL 715841, at *1 (S.D.N.Y. Feb. 19, 2015) (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Moreover, *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

The Court considers each of the Moving Defendants' motions to dismiss in turn.

## I. ICAOS Motion To Dismiss

"The Interstate Compact for Adult Offender Supervision [the 'Compact'] is the national system that governs the transfer and supervision of probationers and parolees across state lines . . . [t]hrough a legally binding agreement among states and U.S. territories . . . ." (ICAOS website,

available at https://perma.cc/DHB3-9P4F (last accessed Jun. 20, 2026).) The Compact "is enacted in all 50 states, the District of Columbia, Puerto Rico, and the U.S. Virgin Islands, creating a uniform framework for managing the movement of supervised individuals between jurisdictions." (*Id.*) "The [ICAOS] establishes rules that carry the force of statutory law in member states . . .." (*Id.*)

ICAOS argues in support of its motion to dismiss that Plaintiff cannot state a claim against it because there is no federal private right of action under the Compact. (ICAOS 2/12/26 Br., ECF No. 41-1, at 4-7.) The Court agrees.

There is no express or implied federal private right of action under the Compact. *See M.F. v. State of New York Exec. Dep't Div. of Parole*, 640 F.3d 491, 495 (2d Cir. 2011). In *M.F.*, where offenders were challenging special conditions to be imposed upon them under the Compact, Second Circuit Judge Lynch stated:

> [A]ll of the dispute-resolution mechanisms described in the Compact, including an explicit authorization of federal court action under limited circumstances, concern disputes either between compacting states or between a state and the [ICAOS]. The Compact does not contemplate judicial action to resolve a dispute between an offender and a compacting state. Thus, the Compact's "text and structure" make clear that it is solely an agreement between states, and not a source of private rights of action for the offenders whose interstate movement it governs.
>
> . . .
>
> We therefore conclude that the Compact and its authorizing statute create neither an express nor an implied federal private right of action. . . .

*M.F.*, 640 F.3d at 495-97 (footnote & citation omitted). The ICAOS was created under the Compact (*see* Compact Statute, Art. III, available at https://perma.cc/ND42-4KT2 (last accessed Jun. 20, 2026)) and, as such, Plaintiff cannot maintain a federal private right of action against the ICAOS.

Accordingly, it is recommended that Plaintiff's claims against the ICAOS be dismissed.

**II. <u>The Federal Defendants' Motion To Dismiss</u>**

Plaintiff brings his Complaint under Section 1983 to challenge what he refers to as "the unconstitutional imposition of sex offender parole conditions." (*See* Compl. at 2.) "Section 1983 authorizes private suits against any 'person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Legg v. Ulster County*, 979 F.3d 101, 116 (2d Cir. 2020) (omissions in original) (quoting 42 U.S.C. § 1983); *see O'Donoghue v. United States Social Security Administration*, 828 F. App'x 784, 787 (2d Cir. 2020) ("'To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law.'" (quoting *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014))).

In the present case, Plaintiff cannot state Section 1983 claims against the Federal Defendants because they are federal, not state, actors. *See United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007) ("Section 1983, of course, does not apply to allegedly unlawful acts of federal officers . . .." (citing *Wheeldin v. Wheeler*, 373 U.S. 647, 650 n.2 (1963)).

Even if Plaintiff's Complaint were construed to assert claims against the Federal Defendants under *Bivens*, "the federal counterpart to [Section] 1983," *Aikman v. Cnty. of Westchester*, 691 F. Supp. 2d 496, 499 (S.D.N.Y. 2010), such claims would fail. As noted by the Federal Defendants (*see* Fed. Defs.' 1/12/26 Mem. at 3 n.1), the circumstances under which *Bivens* liability can be found are very narrowly circumscribed. *See Fisher v. Bureau of Alcohol, Tobacco & Firearms*, No. 22-CV-00644 (CJS), 2023 WL 2082552, at *10 (W.D.N.Y. Feb. 17, 2023);

*see also Valles*, 2021 WL 76428, at *2 n.3. For *Bivens* liability to attach, a defendant must have been personally involved in the constitutional violation. *See Tejeda v. Reno*, No. 00-CV-06338 (SAS), 2000 WL 1280969, at *2 (S.D.N.Y. Sept. 11, 2000). Plaintiff has not plausibly alleged that either of the Federal Defendants (*i.e.*, either the US AG or AUSA Mortazavi) was personally involved in the imposition of sex offender parole conditions that Plaintiff contends are unconstitutional.

Accordingly, it is recommended that Plaintiff's claims against Federal Defendants be dismissed.[11, 12]

## III. <u>The New York State Defendants' Motion To Dismiss</u>

The New York State Defendants (*i.e.*, AG James and DOCCS) argue that the claims asserted against them in the Complaint are barred by the Eleventh Amendment. (*See* NY Defs.' 1/12/26 Mem. at 7.) The Court agrees.

The Eleventh Amendment bars suits by individuals against a state or state agency in federal court without that state's consent. *See Caruso v. Zugibe*, 646 F. App'x 101, 104 (2d Cir. 2016). DOCCS stands in the same position as the State of New York and shares New York's

[11] In his Complaint, Plaintiff also had sought the criminal referral of AUSA Mortazavi, among others (*see* Compl. at 17), but that relief already was denied by the Court. *See Valles*, 2025 WL 3219449, at *2. Moreover, to the extent that Plaintiff is seeking to hold AUSA Mortazavi liable relating to her prosecution of Plaintiff for the federal crime to which he pled guilty, AUSA Mortazavi has absolute immunity, *see Hill v. Donoghue*, 815 F. Supp. 2d 583, 586 (E.D.N.Y. 2011), *aff'd*, 518 F. App'x 50 (2d Cir. 2013) ("It is well established that prosecutors have absolute immunity from suits premised upon actions they took within the scope of their prosecutorial duties."), as Plaintiff himself seems to acknowledge in his Complaint. (*See* Compl. at 13 (stating "absolute immunity notwithstanding").)

[12] In his Complaint, Plaintiff seeks a declaration "that the parole conditions imposed by Defendants are unconstitutional." (Compl. at 17.) Insofar as Plaintiff's Complaint can be construed to assert a claim that SORNA is unconstitutional, such claim lacks merit since the Court already found SORNA constitutional in the related case filed at No. 25-CV-02215. *See Valles*, 2026 WL 380667, at *1.

immunity. *See Rother v. Dep't of Corr. and Cmty. Supervision*, 970 F. Supp. 2d 78, 89-90 (N.D.N.Y. 2013) (holding that DOCCS is New York State agency that has immunity under Eleventh Amendment).

The Eleventh Amendment also bars suits for damages against state officials acting in their official capacities. *See Burrell v. DOCCS*, 655 F. Supp. 3d 112, 124 (N.D.N.Y. 2023) ("Actions for damages against a state official in his or her official capacity are essentially actions against the state." (citing *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989)). Thus, Eleventh Amendment immunity extends to AG James. *See Chrysafis v. James*, 534 F. Supp. 3d 272, 286 (E.D.N.Y. 2021).

Due to Eleventh Amendment immunity, a state may not be sued in federal court unless: (1) it waived its immunity; (2) Congress has validly abrogated that immunity pursuant to Section 5 of the Fourteenth Amendment; or (3) a plaintiff seeks prospective injunctive relief against a state official in his or her official capacity for an ongoing constitutional violation. *See Gollump v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009); *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 152 (2d Cir. 2013). None of these exceptions applies here.

"It is well established that 'New York State has not waived its sovereign immunity from Section 1983 claims.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 314 (E.D.N.Y. 2015) (quoting *Nolan v. Cuomo*, No. 11-CV-05827 (DRH) (AKT), 2013 WL 168674, at *7 (E.D.N.Y. Jan. 16, 2013)). "Moreover, Congress did not abrogate that immunity when it enacted Section 1983." *Id*. (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).

The final exception, *i.e*., where a plaintiff seeks prospective injunctive relief against a state official in his or her official capacity for an ongoing constitutional violation, derives from the

Supreme Court's decision in *Ex Parte Young*. "Under the well-known exception to [the Eleventh Amendment's grant of sovereign immunity from suit] first set forth in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), . . . a plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective, injunctive relief from violations of federal law." *Mary Jo C.*, 707 F.3d at 166 (cleaned up). "In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Chrysafis*, 534 F. Supp. 3d at 288 (quoting *Ex parte Young*, 209 U.S. at 157); *see also Citizens Union of City of New York v. Att'y Gen. of New York*, No. 16-CV-09592 (RMB) (KHP), 2017 WL 2984167, at *4 (S.D.N.Y. June 23, 2017) ("[T]o avoid the Eleventh Amendment bar, the state officer against whom prospective relief is sought must have some connection with the enforcement of the act that includes both a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." (cleaned up)).

In the present case, Plaintiff has not plausibly alleged that AG James has any authority with respect to the imposition of sex offender parole conditions upon him. "New York has established a comprehensive system for granting parole, according to which the Division of Parole is charged with the duty and discretion of setting conditions for an inmate on parole release." *Robinson v. New York*, No. 09-CV-00455 (GLS) (RFT), 2010 WL 11507493, at *3 (N.D.N.Y. Mar. 26, 2010).

Accordingly, because both of the New York State Defendants have Eleventh Amendment immunity from Section 1983 claims, it is recommended that the claims asserted against them be dismissed.[13]

**IV. <u>The California State Defendants' Motion To Dismiss</u>**

The two California State Defendants, *i.e.*, AG Bonta and CDCR Agent Ebuen, are addressed separately below.

**A. <u>AG Bonta</u>**

AG Bonta (who is California Attorney General) argues, among other things, that he has sovereign immunity from liability for Plaintiff's claims. (*See* Calif. Defs.' 1/12/26 Mem. at 6-7.) The Court agrees much for the same reasons that AG James (who is New York Attorney General) has such immunity.

As noted in Discussion Section III, *supra*, a state official like AG Bonta has Eleventh Amendment immunity, unless the *Ex Parte Young* exception applies to him. Such exception does not apply because AG Bonta does not have authority with respect to the imposition of sex offender parole conditions upon Plaintiff. California law places the duty to impose parole conditions on the CDCR, not the Attorney General. *See Kern Cnty. Hosp. Auth. v. Dep't of Corr. & Rehab.*, 91 Cal. App. 5th 1313, 1329 (2023) ("The Legislature has granted the [CDCR] discretion to determine the 'specified terms and conditions of a given parole.'") (citation omitted).

[13] Because the Court is recommending dismissal on Eleventh Amendment grounds, the Court need not reach the other bases argued by the New York State Defendants for dismissal, including Plaintiff's alleged lack of standing and the purported insufficiency of service of process upon DOCCS. (*See* NY Defs.' 1/12/26 Mem. at 5-7, 9-15.)

Accordingly, it is recommended that the claims against AG Bonta be dismissed.[14]

**B. CDCR Agent Ebuen**

In contrast to all the other Moving Defendants, CDCR Agent Ebuen is alleged to have been personally involved in the imposition of parole conditions upon Plaintiff. The Complaint alleges that CDCR Agent Ebuen engaged New York parole officers to assist with California parole supervision via the Compact and that the CDCR DAPO (where Agent Ebuen worked) acting through New York parole officers, continued imposing sex-offender compliance requirements on Plaintiff as parole conditions. (*See* Compl. at 13.) CDCR Agent Ebuen was a state actor and thus, the Court must examine whether Agent Ebuen deprived Plaintiff of his constitutional rights. *See* 42 U.S.C. § 1983.

Plaintiff asserts three constitutional claims in his Complaint relating to the parole conditions imposed upon Plaintiff, which are considered below: (1) Eighth Amendment claims, (2) procedural due process claims, and (3) Equal Protection claims. (*See* Compl. at 14-15.)

**1. Eighth Amendment**

Plaintiff alleges that "Defendants have imposed sex offender parole conditions on [him] despite his conviction in the California case being exclusively for financial crime with zero relation to any sex offense" and that this punishment violates the Eighth Amendment. (Compl. at 14.)

To establish a claim for cruel and unusual punishment under the Eighth Amendment, a plaintiff must satisfy two components: "one subjective, focusing on the defendant's motive for

[14] Because AG Bonta has immunity, the Court need not address AG Bonta's argument that the Court lacks personal jurisdiction over him. Notwithstanding the foregoing, the Court agrees with AG Bonta lacks the minimum contacts in this case that are required for this Court to exercise jurisdiction over him. (*See* Calif. Defs.' 1/12/26 Mem. at 5-6.)

his conduct, and the other objective, focusing on the conduct's effect." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009) (citations omitted). With respect to the subjective element, a plaintiff must allege facts which, if true, would establish that the defendant's actions were wanton "'in light of the particular circumstances surrounding the challenged conduct.'" *Id*. (quoting *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999)). The objective component asks whether the punishment was sufficiently harmful to establish a violation "in light of 'contemporary standards of decency.'" *Wright*, 554 F.3d at 268 (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

Here, Plaintiff has not plausibly alleged that the actions of CDCR Agent Ebuen in imposing parole conditions upon Plaintiff were wanton. Plaintiff's Eighth Amendment claims, and indeed his entire Complaint, is based upon a false premise, *i.e*., that the challenged parole conditions were imposed upon him based upon his California convictions for financial crimes. They were not.

As the California State Defendants have demonstrated, in the California criminal case, in which Plaintiff was convicted based upon financial crimes, the sentencing judge did not impose any sex offender registration requirement.[15] (*See* Calif. Defs.' 1/12/26 Mem. at 3 (citing Calif. Judgment, at 3-4).) Rather, Plaintiff's sex offender registration obligation initially arose from his

[15] To the extent Plaintiff is challenging the length of his California sentence (*see* Compl. at 4-5), this should have been done through a petition for a writ of habeas corpus. *See Tribble v. Killian*, 632 F. Supp. 2d 358, 360-61 (S.D.N.Y. 2009) ("A prisoner's challenge to loss of good time credits affects the length of his sentence, and thus must be brought in a habeas petition, *not* in an action under § 1983 (for state prisoners) or *Bivens* (for federal prisoners).") (emphasis in original) (citing cases). The Court notes that Plaintiff already has filed habeas petitions regarding his California convictions. *See Valles v. Allison*, No. 21-CV-00819 (GPC) (WVG), 2022 WL 3327386, at *1 (S.D. Cal. Aug. 11, 2022), *report and recommendation adopted*, 2023 WL 2447520 (S.D. Cal. Mar. 10, 2023).

sex crime convictions in Utah.[16] (*See* SDNY Crim. Compl. ¶ 3(b) (noting that sex offender registration requirements were "[a]s a result of his [Utah] convictions").) Moreover, because of Plaintiff's conviction in this Court, Judge Pauley imposed supervised release conditions upon Plaintiff, including requiring him to comply with SORNA. (*See* SDNY Crim. Judgment, 19-CR-00672, ECF No. 16, at PDF p. 5.) Thus, the parole conditions about which Plaintiff complains were imposed based upon the Utah convictions[17] and the federal conviction. As a result, CDCR Agent Ebuen plainly did not act wantonly towards Plaintiff.

Even assuming, *arguendo*, that CDCR Agent Ebuen had acted wantonly, no Eighth Amendment claim has been stated because there is nothing in the Complaint which could show that Plaintiff was deprived of "the minimal civilized measure of life's necessities." *Hudson*, 503 U.S. at 9 (citation and internal quotation marks omitted).

Thus, Plaintiff has not stated an Eighth Amendment claim against CDCR Agent Ebuen, and that claim should be dismissed.

**2. <u>Procedural Due Process</u>**

In his procedural due process claim, Plaintiff alleges that the parole conditions were imposed upon him "arbitrarily and without procedural safeguards, despite the California conviction being exclusively for financial crimes." (Compl. at 14.) While a procedural due process claim can be based upon a random, arbitrary act by a state employee, *see Gudema v. Nassau*

[16] Valles's Utah probation conditions included, among others, the requirement to "comply with all Group A Sex Offender Conditions." (Valles Utah Sentence, 2:20-CV-00774, ECF No. 34-2, at 4.) These include both residence changes and registration requirements, as with SORNA. (*See* Utah Dept. of Corrections, Sex Offender Group A Conditions, available at https://perma.cc/3ZLT-VEH2 (last accessed Jun. 27, 2026.)

[17] Plaintiff himself appears to acknowledge in his Complaint that any California sex offender parole conditions were imposed through the Compact that is described in Discussion Section I, *supra*. (*See* Compl. at 13 (referencing "Interstate Compact").)

*Cnty.*, 163 F.3d 717, 724 (2d Cir. 1998), that did not occur here. Again, Plaintiff's claim is based upon a false premise, since the parole conditions were imposed based upon his Utah sex crimes convictions and his federal conviction, and not his California financial crimes convictions, as explained in Discussion Section IV.B.1., *supra*. Thus, no procedural due process claim has been stated against CDCR Agent Ebuen, and that claim should be dismissed.

**3. Equal Protection**

In his Equal Protection claim, Plaintiff alleges that he "is being treated differently than similarly situated parolees convicted of financial crimes" based upon "[t]he imposition of sex offender conditions." (Compl. at 15.) To state a claim for a violation of his right to equal protection, Plaintiff must allege "(1) [that] . . ., compared with others similarly situated, [Plaintiff] was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234 (2d Cir. 2004) (quoting *Lisa's Party City, Inc. v. Town of Henrietta*, 185 F.3d 12, 16 (2d Cir. 1999). Once again, Plaintiff's claim is based upon a false premise, since the parole conditions were not imposed based upon his California financial crimes convictions, as explained in Discussion Section IV.B.1., *supra*. Plaintiff has not alleged that he was treated differently from other sex offenders and, as such, his Equal Protection claim against CDCR Agent Ebuen should be dismissed.

Because Plaintiff has not plausibly alleged a constitutional claim against CDCR Agent Ebuen, Plaintiff's Section 1983 claims against CDCR Agent Ebuen should be dismissed.[18]

**V. Leave To Amend**

On February 9, 2026, Plaintiff filed a motion to amend, as well as a proposed Amended Complaint. (*See* Proposed Am. Compl., ECF No. 56, at PDF pp. 81-102.) In an Order, dated February 26, 2026, Judge Subramanian stated that the Court "will address leave to amend in ruling on defendants' motion to dismiss." (2/26/26, ECF No. 61.)

"It is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, "[l]eave may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)) (internal quotation marks omitted).

Here, having reviewed Plaintiff's proposed Amended Complaint, there is no indication that Plaintiff may state a valid claim against any of the Moving Defendants (or any other defendant). As set forth above, there is no federal right of action that can be pled against ICAOS. (*See* Discussion Section I, *supra*.) No Section 1983 claim can be pled against the Federal

[18] To the extent that Plaintiff is challenging the conditions of his California parole, the Court agrees with the California State Defendants that any review of such conditions should be left to the California state courts. (*See* Calif. Defs.' 1/12/26 Mem. at 12 (citing *Rodriguez v. City of New York*, 623 F. Supp. 3d 225, 246 (S.D.N.Y. 2022). Accordingly, it is recommended that the Court decline to exercise supplemental jurisdiction with respect to the California parole conditions, pursuant to 28 U.S.C. § 1367(c)(3).

Defendants, since they acted under federal law, not state law. (*See* Discussion Section II, *supra*.) The New York State Defendants and AG Bonta are entitled to immunity under the Eleventh Amendment. (*See* Discussion Sections III & IV.A., *supra*.) And no Section 1983 claim can be alleged against CDCR Agent Ebuen (or any other defendant for that matter), because Plaintiff's entire theory of the case is based upon the false premise that the challenged parole conditions were imposed upon him based upon his California convictions for financial crimes (*see* Section IV.B., *supra*), in circumstances where such conditions were imposed based upon his Utah convictions for sex crimes and his federal conviction.

Accordingly, it is recommended that Plaintiff not be granted leave to amend.

**CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Moving Defendants' motions to dismiss be GRANTED and that Plaintiff not be granted leave to amend. It is further recommended that Court consider dismissing the claims against the other named defendants under Rule 4(m) of the Federal Rules of Civil Procedure, since more than 90 days have elapsed and they do not appear to have been validly served.[19]

[19] For all but one of the remaining defendants, Plaintiff filed what are labeled on the ECF docket as "AFFIDAVIT[S] OF NONSERVICE." (*See* Affs., ECF No. 13 (stating that unable to serve Parole Officer Hayden); ECF No. 14 (stating that unable to serve CDCR DAPO); ECF No. 15 (stating that unable to serve Attorney General of Utah); ECF No. 16 (stating that unable to serve Utah State Judge Amber Mettler).) With respect to the single other defendant for whom an affidavit of service was filed (*see* Aff., ECF No. 23 (purporting to state that service was made upon California Deputy Attorney General Garrett Gorlitsky)), Plaintiff was advised that service was not properly made upon Mr. Gorlitsky. (*See* 10/16/25 Ltr. to Plaintiff, ECF No. 24-1; *see also* 10/22/25 Ltr. to Judge Vyskocil, ECF No. 24.) However, the ECF docket does not reflect any additional service having been made upon Mr. Gorlitsky.

Dated: June 27, 2026
New York, New York

STEWART D. AARON
United States Magistrate Judge

* * *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Subramanian.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).