UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Andrew Valles, Plaintiff, -v- California Department of Corrections and Rehabilitation et al., Defendants. | | 25-CV-8050 (AS) <br> <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u> |

ARUN SUBRAMANIAN, United States District Judge:

These motions to dismiss were referred to Magistrate Judge Stewart D. Aaron for a Report and Recommendation. *See* Dkt. 83. In the Report and Recommendation filed on June 27, 2026, Magistrate Judge Aaron recommended that the motions be granted. *See* Dkt. 84.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates their original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* Dkt. 84 at 21. In addition, the Report and Recommendation expressly called plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).

Plaintiff filed a letter on July 8, 2026, which the Court construes as an objection. In the letter, plaintiff did not address the merits of the Report and Recommendation. Instead, the only relevant part of the letter takes issue with its recommendation that he be denied leave to amend.[1] Dkt. 85 at 3.

---

[1] The letter further discusses other proceedings and plaintiff's desire for discovery, among other topics, but they do not relate to the Report and Recommendation so the Court does not address them here.

The Court reviews the denial of leave to amend *de novo* and agrees that Valles should not be granted leave to amend for the reasons stated in the Report and Recommendation, as well as those articulated in the federal defendants' response to the objection, Dkt. 86. The proposed amended complaint would be futile because it would not survive a motion to dismiss. Valles has not identified a viable cause of action against ICAOS nor the federal defendants, who are not subject to Section 1983. The New York State defendants and California Attorney General Bonta are still subject to Eleventh Amendment immunity. And his claims against CDCR Agent Ebuen fail because the parole conditions were predicated on his Utah and federal convictions, not his California convictions.

Any arguments with regard to the dismissal itself are forfeited for lack of objection. Despite the forfeiture, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate Dkts. 41, 42, 46, and 48, to deny the remaining motions as moot, to enter judgment for defendants, and to close the case.

SO ORDERED.

Dated: July 24, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge