UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Andrew Valles,

Plaintiff,

-against-

California Department of Corrections and Rehabilitation et al.,

Defendants.

25-cv-8050 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

On July 24, 2026, the Court adopted Magistrate Judge Aaron's Report and Recommendation (R&R), and, on that basis, granted defendants' motions to dismiss. Dkt. 87. In making that determination, the Court noted that the only filing that could be construed as an objection to the R&R was a letter filed by Valles on July 8, 2026. *Id.* at 1 (citing Dkt. 85). That letter, however, "did not address the merits of the Report and Recommendation." *Id.* After the Court issued its order, Valles filed a subsequent letter, indicating that he had submitted timely objections apart from the July 8 letter, but that they never appeared on the electronic case filing system. Dkt. 92 at 1. In support of this contention, Valles provided email receipts that indicated he had submitted the objections to the Court on July 1, 2026. *Id.* at 32, 34.

In the interests of justice, the Court construes his objections as timely filed and finds that they were not properly entered due to a clerical error. Accordingly, this opinion serves to supplement the former order, which noted the Court's independent review of the R&R. None of Valles's objections alter that decision.

## LEGAL STANDARD

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Nambiar*, 158 F.4th at 359. This clearly erroneous standard also applies when a party makes only conclusory or general objections. *See, e.g.*, *Knight v. City of New York*, 164 F.4th 173, 177 (2d Cir. 2026) (per curiam).

## DISCUSSION

Valles's objections can be categorized into 3 groups.[1]

First, Valles faults the R&R for not "identify[ing] the legal source and duration of the duty in force," Dkt. 92 at 143, 145, when it noted that his "sex offender registration obligation initially arose from his sex crime convictions in Utah," Dkt. 84 at 16–17. This objection, however, does not highlight any inaccuracy with the R&R's reasoning. At bottom, it is a contention that the R&R was not clear enough. But the R&R was quite clear, citing both the criminal case in this District as well as the probation conditions that were made as part of his sentence by the court in Utah. Dkt. 84 at 17 & n.16. In any event, it's true that Valles's registration requirements were imposed due to his Utah conviction, not his conviction for "financial crimes" in California, as he claims. *See* Dkt. 1 at 14 (basing Eighth Amendment claim on him being convicted for "exclusively financial crimes"). Valles's complaint itself alleges that he is subjected to "sex offender caliber parole conditions . . . for prior offenses (from a 2003-05 misdemeanor sex offenses case in Utah)." *Id.* at 5. It then cites to a habeas case he previously filed in this District that discusses just that. Dkt. 1 at 7 (citing *United States v. Valles*, 2023 WL 4420288 (S.D.N.Y. July 10, 2023)). In that case, this Court noted that Valles was previously convicted in Utah for two counts of lewdness involving a child, but failed to register under SORNA as required by those prior convictions. *Valles*, 2023 WL 4420288, at *1; *see also* Dkt. 48-3 at 2–3 (alleging that Valles "was required to register" "under Utah law"). Valles's first objection—which again is not an affirmative argument that his Utah convictions were not the pertinent predicate offenses—thus fails.

Second, Valles argues that the R&R "improperly treats one strand of the Original Complaint as [his] entire evolved case." Dkt. 92 at 147–148; *see also id.* at 130–131 ("The R&R does not address the First Amendment, false-status, and dissemination architecture now pleaded."). The Court reads Valles as arguing that, regardless of whether the registration requirement stemmed from his Utah convictions or his California conviction, his claims advance theories that should survive a motion to dismiss. But the relevant portions of the complaint are unambiguously based on him being unfairly required to register *as a result of his California conviction*. *See* Dkt. 1 at 14 ("Defendants have imposed sex offender parole conditions on Plaintiff despite his conviction in the California Case being exclusively for financial crimes . . . . Such punishment violates the Eighth Amendment . . . ."); *id.* at 14 ("These conditions were imposed arbitrarily and without procedural safeguards, despite the California conviction being exclusively for financial crimes."); *id.* at 15 ("The imposition of sex offender conditions—despite no sex offense conviction in the California case—lacks any rational basis and constitutes unlawful discrimination under the Equal Protection Clause."). The claims are not dismissed because "one formulation in the Original Complaint was inadequate" but because they rest on a false premise.

[1] In filing his objections, Valles requested leave to file an oversized brief. Dkt. 92 at 118. That request is GRANTED nunc pro tunc; this opinion analyzes both the longer and shorter versions of Valles's objections. *See* Dkt. 126–166.

Lastly, Valles takes issue with the R&R's lack of discussion regarding his claims against Judge Mettler, the Attorney General of Utah, and a number of other defendants (both named and unnamed). Dkt. 92 at 145–146, 148–150. But as the R&R noted, none of those defendants were properly served. Dkt. 84 at 20 & n.4. And while Valles now requests additional time, Dkt. 92 at 160–161, he has not shown that there was good cause for this failure to serve them, which was, at the time he filed his objections, 189 days overdue. Fed. R. Civ. P. 4(m).

All of this is to say nothing of the fact that the objections do not wrestle with any of the alternative rationales the R&R provides for why Valles's claims should be rejected—rationales with which the Court agrees.

## CONCLUSION

For the reasons expressed in the July 24, 2026, Order, Dkt. 87, and the reasons mentioned above, the Court continues to find the Report and Recommendation well reasoned, grounded in fact and law, and correct.

As before, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and in forma pauperis status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 92, 94.

SO ORDERED.

Dated: November 18, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge